HEGEMAN'S EXECUTORS

*v.*

WILLIAM J. ROOME et al.

[Decided November 23d, 1905.] .

1. A bequest to a trustee for the purpose of making such distribution among religious, benevolent or charitable objects as he may select is void as vague and indefinite.

2. A bequest of property referred to as received by a testator under the will of his wife will not operate to pass property received by him from her as an intestate.

3. The act of 1888, giving administrators with the will annexed the same powers in respect to sales of land as executors named in the will, does not give a substituted administrator power to sell lands which are the subject of an express devise to the executor in trust, with power of sale, for it is a personal trust and is not transmissible.

On bill for construction of will and directions to trustees.

*Mr. Charles A. Reed,* for the complainants.

*Mr. Craig A. Marsh,* for Muhlenberg Hospital and Children's Home Association, &c., defendants.

*Mr. Hugh B. Reed,* for William J. Roome and wife and Emma L. Harbough, defendants.

*Mr. John H. Van Winkle,* for the executors of Eleanor Roome, defendants.

BERGEN, V. C.

The bill in this cause was filed by Benjamin A. Hegeman, Jr., and William J. R. Hegeman, substituted administrators with the will annexed of Catherine E. Hegeman, deceased, and also as executors of the last will and testament of Benjamin A.

Hegeman, deceased, for the purpose, among other things, of obtaining the direction of the court as to the proper execution of a trust, which it is alleged was created by the last will and testament of Catherine E. Hegeman, in which, after numerous bequests of portions of her property, she ordered and directed as follows:

"*Thirteenth.* I hereby give and bequeath to my husband, Benjamin A. Hegeman, for his own personal use and benefit during his life, all the net income, interest or revenue of my estate, both personal and real, of which I may die seized or possessed, or which I may hereafter acquire, or to which I may be entitled at the time of my decease, giving him full power to manage and control my said estate, both personal and real, the same as I might or coùld do if living. He to have full power to sell my real estate or personal property, and reinvest the proceeds for the benefit of my estate, or as he may deem for its best interest, and to give good and sufficient deeds and conveyances therefor to the purchaser or purchasers thereof.

"*Fourteenth.* At the death of my husband, Benjamin A. Hegeman, I hereby direct that the residue or remainder of my estate shall be divided as follows."

Succeeding this are eight different bequests, which it is not necessary here to recite.

"*Twenty-third.* Should there be any residue or remainder of my estate left after providing for the payment of the legatees hereinbefore named, I hereby give and bequeath the same to my husband, Benjamin A. Hegeman, for the purpose of making such distribution among religious, benevolent or charitable objects as he may select."

The important controversy arises over this last paragraph.

Benjamin A. Hegeman, the husband of Catherine E. Hegeman, having been appointed the executor of her last will and testament, duly qualified as such, and retained in his possession until his death the property and estate the income of which was devised to him for life, holding as a part of such trust fund certain real estate particularly described in the bill of complaint, as well as a considerable amount of personal property. The husband left a last will and testament, in which, after repeating the eight bequests as set out in paragraphs fifteen to twenty-two, inclusive, of his wife's will, he devised as follows:

"I give and bequeath to my executors hereinafter named all the property which I shall receive, or which may come to my estate after my decease, under the twenty-third article of the will of my deceased wife, Catherine E. Hegeman, bearing date July 23d, 1894. In trust, nevertheless, to take the same and divide such property into two equal parts or shares, and to transfer and pay over one of such parts or shares to the Muhlenberg Hospital, in the city of Plainfield, State of New Jersey, and the other of such parts or shares to the Children's Home Association of said city; each of said parts to be known as the 'Catherine E. Hegeman Fund' of the respective beneficiaries above named, and to be held by them in trust to invest and receive the income therefrom, to use and apply such income only to and for the respective charitable objects for which they are organized."

The persons entitled to the estate of Catherine E. Hegeman had she died intestate insist that the twenty-third section of her will, which authorizes her husband to distribute the residue of her estate, after providing for the payment to the legatees named in her will the sums bequeathed to each, among such religious, benevolent or charitable objects he may select, is void, and that they are entitled to such residue. After the death of the husband, the complainants were appointed substituted administrators with the will annexed of Catherine E. Hegeman, and having in their possession such residue and remainder of her estate, now seek the direction of this court in the premises.

While in my judgment the appointment of the complainants as substituted administrators does not create them trustees under the will of the testatrix, still, as all of the parties in interest are before the court, and no objection has been raised by any of them, I will, in view of the fact that if the trust exists it would be the duty of this court to appoint a trustee, consider these complainants as occupying that position, and if necessary make an order appointing them thereto, and I feel justified in adopting this course, because the life tenant, to whom the power of disposition was given, has, in and by his last will and testament, bequeathed to the same parties the fund in question in trust to divide and pay over to the beneficiaries named in his will.

A careful consideration of the twenty-third paragraph of the will of Catherine E. Hegeman leads me to the conclusion that the bequest contained in that paragraph is void. A bequest to benevolent, religious or charitable institutions, without qualifi-

cation, has been so often held to be void by the courts of this state as to place the question beyond successful argument. In the case of *Thompson's Executors* v. *Norris, 20 N. J. Eq. (5 C. E. Gr.) 489,* a bequest to "such benevolent, religious or charitable institutions as she may think proper" was held void, because it was so vague and indefinite that it could not be enforced, and the case was affirmed on appeal, after a most extensive and elaborate argument, Chief-Justice Beasley, who wrote the opinion, saying: "The bequest is to 'benevolent, religious or charitable institutions.' This is too broad. Benevolence is wider than charity in its legal signification." The rule thus laid down has since then been repeatedly subjected to judicial consideration, and has always been maintained. *De Camp* v. *Dobbins, 31 N. J. Eq. (4 Stew.) 671; Hyde's Executors* v. *Hyde, 64 N. J. Eq. (19 Dick.) 6.* In the latter case the bequest was "for such religious, charitable, educational or other purposes as they may deem advisable; provided, nevertheless, that no portion thereof shall be given to or distributed among my wife or children, individually or collectively," and the bequest was declared void because it contained the words "or other purposes," and this in spite of the fact that in declaring the bequest void the fund would be distributed among the wife and children of the testator, in direct opposition to a contrary proviso contained in the disputed paragraph.

On the argument it was strenuously urged that as the testatrix had, in and by her last will, disposed of a large portion of the trust fund, to take effect after her husband's death, to eight recognized charitable purposes, such bequests ought to be taken as indicating and controlling the character of the objects which the husband must select in making distribution. I have carefully considered this insistment, but I can find no way to give it effect, because in the paragraph under consideration the residue is given and bequeathed to the husband, not for the purpose of carrying out the intentions of the testatrix as to the objects of her bounty, but for distribution by the husband in such manner as he may select, subject to the direction that the distribution shall be to benevolent as well as religious or charita-

ble objects. My conclusion therefore is that, as to the property of Catherine E. Hegeman sought to be disposed of by the twenty-third section of her will, she died intestate, and it descended to the persons who would inherit the same under such conditions.

As Catherine E. Hegeman never had any children, the personal property which she sought to dispose of by this twenty-third paragraph would become the absolute estate of her husband, he having survived her, and the next question presented is, Do the two beneficiaries of this fund under the husband's will take the personal property as a bequest from him? I can find nothing in the husband's will to support such a theory. All that the will contains on this subject is to be found in the eighth paragraph, which opened with a recital of the directions contained in the will of his wife with regard to this fund, and then continues as follows:

"Now, for the purpose of better carrying out the provision of the will of my deceased wife, since the whole of her estate will be in my hands as her executor, I direct my executors hereinafter named to keep separate and apart from my estate all the property which shall be in my hands and under my control at the time of my decease and belonging to the estate of my said deceased wife, and to make the division thereof as provided in her will."

And then, after repeating, in the form contained in the will of his wife, the eight distinct legacies she had given to take effect after his death, he continued:

"I give and bequeath to my executors all the property which I shall receive, or which may come to my estate after my decease, under the twenty-third article of the will of my deceased wife. * * * In trust, nevertheless, to take the same and divide such property into two equal parts or shares and to transfer and pay over," &c.

It does not seem to me that under this bequest the husband had any intention of doing more than what he supposed he was required to do under the will of his wife, and it cannot be said that he was bequeathing any property which he supposed belonged to him, for he distinctly limits it to such property as he may receive under the twenty-third paragraph of his wife's will.

As he did not receive this property under the will of his wife, and only took because she died intestate, to hold that he intended to pass over to these worthy charities property coming to him from a source other than that described in his will would amount to the making of a testamentary disposition for the testator which he had not authorized, and which the law would neither support nor justify. My conclusion on this branch of the case is that, as to the personal property of which Catherine E. Hegeman died intestate, the husband did not dispose of it under the eighth paragraph of his will, and that the trustees are accountable to his estate therefor.

Another question presented is whether the trustees are vested with a power of sale of the real estate which constituted a part of the fund. This question arises under the thirteenth paragraph of the will of Catherine E. Hegeman, in which, after bequeathing to her husband for life the income of her estate, both real and personal, and giving him full power to manage and control the same as she could if living, she conferred a power of sale as follows:

"He to have full power to sell my real estate or personal property and reinvest the proceeds for the benefit of my estate, or as he may deem for its best interest."

It will be observed that while she appoints her husband executor of her will, she confers no power of sale on him as such. The power is limited to him as trustee. Under these conditions, in my opinion, the power of sale was a personal trust and confidence, and is not transmissible, for where there is a direction to convert, coupled with a trust or confidence in one who is to sell "as he may deem best," it is a personal trust, which can only be exercised by the person in whom it is reposed. *Chambers* v. *Tulane, 9 N. J. Eq. (1 Stock.) 146; Brush* v. *Young, 28 N. J. Law (4 Dutch.) 237; Lanning* v. *Sisters of St. Francis, &c., 35 N. J. Eq. (8 Stew.) 392, 400.*

The substituted administrator has not, under *P. L. 1888 p. 395,* any grant of power to sell lands which are the subject of an express devise in trust. The devise under consideration was

to the husband, with a power vested in him alone to sell the lands if he deemed it advisable. He did not exercise a power which was only given in connection with a trust, which I have held to be void. The power of a substituted administrator to sell lands has been fully considered and defined by Chancellor Magie in *Varick* v. *Smith, 67 N. J. Eq. 1.* The other matters set out in the bill of complaint, and as to which instructions were prayed, relate entirely to directions as to the administration of the estate, and fall within the rule laid down by the chancellor in *Hoagland* v. *Cooper, 65 N. J. Eq. (20 Dick.) 407.*

I will advise a decree in accordance with the views here expressed.